# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATE OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 11-CR-048-13-JHP ) |
| JIMMY RAY PETTIT, | ) ) |
| Defendant, | ) |

## ORDER

Defendant Jimmy Ray Pettit, through court-appointed counsel, filed a motion requesting a determination of his mental competency to proceed.[1] The Court granted Defendant's request and ordered a psychiatric or psychological examination of Defendant pursuant to 18 U.S.C. § 4241(b).[2] To this end, Defendant was evaluated by Lisa Bellah, Ph.D. and Rebecca Bauer, M.A. at the Federal Correctional Institution, Fort Worth, Texas.[3] After receiving the Evaluation prepared by Bellah and Bauer, the Court set a competency hearing for April 3, 2012. At the hearing, the parties stipulated to the Evaluation, but presented no additional evidence or testimony.

Based upon its own observations of Defendant and its review of the record in this case, including the conclusions set forth in the Evaluation, the Court finds that Defendant is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against him or to assist

---

[1] Docket No. 253.

[2] Docket No. 255.

[3] Docket No. 301.

properly in his defense.[4]

Neither Defendant's demeanor nor his conduct in open court provides any evidence of mental incompetency. Defendant made no outbursts and displayed no unusual behavior. The Evaluation, to which the parties have stipulated, is consistent with the Court's observations. The opinion and observations in the Evaluation reinforce the Court's own determination that there is no evidence indicating that Defendant suffers from any mental condition that would impair his ability to understand the nature and consequences of the proceedings against his or to properly assist in his own defense. Accordingly, the Court finds that Defendant is competent to either enter his plea in this case and be sentenced, or proceed to trial.

IT IS SO ORDERED 3rd day of April, 2012.

*[signature]*
James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[4] 18 U.S.C. § 4241(d); *see Nguyen v. Reynolds*, 131 F.3d 1340, 1346 (10th Cir. 1997) ("Competence to stand trial requires that a defendant have 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and 'a rational as well as factual understanding of the proceedings against him.'") (*quoting Dusky v. United States*, 362 U.S. 402, 402 (1960)).